**In the Matter of David Lee POPE.**

No. C4–84–916.

Court of Appeals of Minnesota.

July 24, 1984.

Leroy F. Werges, Minneapolis, for appellant.

Thomas Johnson, Hennepin County Atty., James Albrecht Asst. County Atty., Minneapolis, for respondent.

Considered and decided by POPOVICH, C.J., and PARKER and CRIPPEN, JJ., with oral argument waived.

## OPINION

PARKER, Judge.

Pope appeals the order of the trial court finding him mentally ill and committing him to Anoka State Hospital. We affirm.

## FACTS

Pope is a 30-year-old man who has been treated in State facilities for mental illness since he was 14 years old. He was at Anoka State Hospital voluntarily until a petition for involuntary commitment was brought on April 16, 1984. Pope was evaluated by two court-appointed examiners who filed their reports with the court.

Trial was held on April 24, 1984, and appeal was taken on May 23, 1984, from the resulting order for commitment dated April 25, 1984.

The trial court found that Pope suffered from a borderline personality disorder, that he had recently threatened others, and that treatment at Anoka State Hospital was needed. Less restrictive alternatives were rejected because of Pope's behavorial instability.

## ISSUES

1. Did the trial court properly commit Pope to Anoka State Hospital as mentally ill?

2. May Pope properly assert his right to treatment and complain of past treatment on appeal from an order for commitment?

## ANALYSIS

### I

■ If a trial court finds by clear and convincing evidence that a person has a psychiatric disorder, that he poses a substantial likelihood of physical harm to himself or others, and that no less restrictive treatment facility is appropriate, it may order commitment to a state hospital. *See* Minn. Stat. § 253B.02, subd. 13 (Supp. 1983). On appeal, Pope has not contested the trial court's finding of mental illness or likelihood of harm to himself or others. Pope argues that commitment to Anoka

State Hospital was not the least restrictive available alternative.

The trial court has an obligation to consider alternatives less restrictive than commitment and to order hospitalization only if less restrictive alternatives are rejected. Minn.Stat. § 253B.09, subds. 1, 2 (1982). The record shows that the possibility of treatment at some facility other than Anoka State Hospital was carefully considered. Doctor Robert King, Pope's psychologist at Anoka, testified that appellant was "absolutely not" ready for placement in the community, noting the "high probability" of recurring aggressive behavior.

Doctor Daniel Wiener, the court-appointed psychologist, testified that Pope was "not prepared to go outside the hospital now[.]" If placed in a less restrictive treatment facility, Doctor Wiener testified, Pope would require "a good deal of supervision" and "extra help" to assist his adjustment.

Doctor James Jacobson, a psychologist appointed at Pope's request, testified that "appropriate treatment can take place at the Anoka State Hospital or take place in the community[.]" The court did order preparation of a treatment report with a description of discharge planning.

■ Because this was a trial on the commitment petition, the court properly evaluated Pope's alternatives at the time of trial. Based upon undisputed testimony that Pope remained behaviorally unstable and frequently assaultive, the trial court rejected immediate placement in the community. That decision was supported by clear and convincing evidence and will not be overturned.

### II

■ Appellant argues that his right to treatment has been violated. This is an appeal from an order for commitment. The treatment of patients is properly raised before a hospital review board and not before the committing court. *See In re Moll*, 347 N.W.2d 67 (Minn. Ct. App. 1984). Pope's allegation that he will receive inade-

quate treatment is speculative and premature. The statute and the trial court impose an obligation to devise a program plan. *See* Minn. Stat. § 253B.03, subd. 7 (1982). A patient may not assert a right to treatment until he is actually deprived of treatment. *Bailey v. Noot,* 324 N.W.2d 164 (Minn.1982).

### DECISION

The trial court found, by clear and convincing evidence, that Pope was mentally ill and that there was no suitable alternative to commitment at Anoka State Hospital. Pope has prematurely raised his right to treatment. Treatment decisions are the province of the hospital review board and Pope's right to treatment may not be asserted until treatment is actually denied.

Affirmed.