Craig T. SEIFERT, petitioner,
Appellant,

v.

Robert A. ERICKSON, Warden, etc., et al., Respondents.

No. C0–87–2273.

Court of Appeals of Minnesota.

March 15, 1988.

Review Denied May 18, 1988.

Craig T. Seifert, pro se.

Hubert H. Humphrey, III, Atty. Gen., Richard L. Varco, Sp. Asst. Atty. Gen., St. Paul, for respondents.

Considered and decided by PARKER, P.J., and NIERENGARTEN, and SCHULTZ*, JJ., without oral argument.

## OPINION

PARKER, Judge.

This appeal is from an order denying, without an evidentiary hearing, a petition for writ of habeas corpus. We affirm.

* Acting as judge of the Court of Appeals by ap-

## FACTS

Appellant Craig Seifert is serving two concurrent sentences, a 22–month sentence for possession of methadone and a 36–month sentence for simple robbery. He was initially given supervised release dates of October 24, 1987, and August 2, 1988, respectively, for these sentences. These dates represented his sentence lengths less the maximum good-time credit he could earn, calculated as one day for every two days served, or one-third the sentence length.

Seifert filed a petition for writ of habeas corpus in September 1987. He contended the good-time statute should be construed to provide a one-third good-time deduction from sentence and a separate one-third good-time deduction to be served on supervised release. He contends the statute, as limited to a single, one-third deduction, denies him vested good time and violates his constitutional rights. The trial court denied the petition, without ordering an evidentiary hearing. The court concluded that good time accrues to, and becomes, the period of supervised release. It also concluded:

> The good time statute prohibits the failure to award earned good time; it does not prohibit the application of sanctions following an inmate's violation of the terms of his supervised release.

## ISSUES

1. Did the trial court err in construing Minn.Stat. § 244 (1986) as providing a single good-time deduction from sentence?

2. Did the court err in ruling the statute is not unconstitutional?

3. Did the court err in failing to order an evidentiary hearing?

## DISCUSSION

### I

Minn.Stat. § 244.04, subd. 1 (1986), provides that

pointment pursuant to Minn. Const. art. 6, § 2.

the term of imprisonment of any inmate sentenced to a presumptive fixed sentence after May 1, 1980, shall be reduced in duration by one day for each two days during which the inmate violates none of the disciplinary offense rules promulgated by the commissioner. *The reduction shall accrue to the period of supervised release to be served by the inmate.*

(Emphasis added). The statute governing supervised release provides:

[E]very inmate shall serve a supervised release term upon completion of the inmate's term of imprisonment as reduced by any good time earned by the inmate * * *. The supervised release term shall be equal to the period of good time the inmate has earned * * *.

Minn.Stat. § 244.05, subd. 1 (1986).

■ The only reasonable construction of these provisions is that of a single good-time deduction, equal to one-third of the sentence, accruing to, and becoming, the period of supervised release. This is the construction given the statute by the courts, the Department of Corrections, and the Minnesota Sentencing Guidelines Commission. *State v. Randolph,* 316 N.W.2d 508, 510 (Minn.1982) (defendant earning good time serves two thirds of his sentence, then is released on supervised release for a period equal to his good time earned); *State v. Northard,* 348 N.W.2d 764, 767 (Minn.Ct.App.1984), *pet. for rev. denied* (Minn. Sept. 5, 1984); Minn.R. 2940.1600C (supervised release date extended one day for each day of good time lost); Minnesota Sentencing Guidelines II.E (1982) (inflating mandatory minimum sentences by one-third to allow reduction for good time). If a double deduction were intended, the legislature would not have defined good time as a "reduc[tion] in duration by one day for each two days [of no disciplinary violations]". Minn.Stat. § 244.04, subd. 1 (1986).

■ Seifert also contends the accrual of good time to the period of supervised release violates the "vested" nature of good

time. We disagree. As the trial court found, earned good time, which entitles an inmate only to serve his time on supervised release rather than in prison, is "used up" once the inmate obtains supervised release. *See Conley v. Brewer,* 652 F.Supp. 106, 110 (D.Wis.1986) (interpreting federal good time statute).

## II

Seifert raises a number of constitutional challenges to the good-time statute as construed.

■ The statute is not unconstitutionally vague, because it clearly provides that good time "shall accrue to the period of supervised release." Minn.Stat. § 244.04, subd. 1 (1986). The following section explicitly states that the "supervised release term shall be equal to the period of good time the inmate has earned." Minn.Stat. § 244.05, subd. 1 (1986). The statute, indeed, may be overly explicit in that it contains redundant language on good-time deductions. *See* Minn.Stat. §§ 244.01, subd. 8; 244.05, subd. 1.

■ Seifert's claim that the statute denies him due process is also without merit. An inmate does have a protected liberty interest in earned good-time credits, which may not be taken away without due process. *Wolff v. McDonnell,* 418 U.S. 539, 557–58, 94 S.Ct. 2963, 2975–76, 41 L.Ed.2d 935 (1974). The good-time statute, however, does not deny the prisoner due process, because it does not take away earned good time. The inmate released on supervised release has received precisely what the legislature provided him, i.e., use of good time to reduce the term of imprisonment. *See* Minn.Stat. § 244.01, subd. 8.

■ Seifert's claim that revocation of supervised release would deny him good time without due process is premature. He does not elaborate on the argument that the good-time statute denies him equal protection. The statute applies to all inmates and, at the least, involves no suspect classi-

fication. The claim that good time is a "legal fiction," apparently because it entitles an inmate to supervised release rather than absolute discharge, is without merit.

### III

 Seifert's primary argument on appeal is that the trial court should have afforded him an evidentiary hearing. Seifert cites *Townsend v. Sain*, 372 U.S. 293, 313, 83 S.Ct. 745, 757, 9 L.Ed.2d 770 (1963), in which the Supreme Court held that a habeas corpus petitioner must be granted an evidentiary hearing in certain circumstances. All of these circumstances, however, presume there is an issue of fact to be resolved. The first of the circumstances enumerated in *Townsend* is that "the merits of the *factual dispute* were not resolved in the state hearing." *Id.* (emphasis added). Seifert's petition presented a purely legal question involving construction of the statute and application of constitutional law. The facts presented as to Seifert's sentence are undisputed and merely establish his claim for immediate relief, in that he has served one-third of his sentence and would be entitled to release if there were a double good-time deduction. A petitioner is entitled to an evidentiary hearing only if a factual dispute is shown by the petition. *See State ex rel. Rankin v. Tahash*, 276 Minn. 97, 149 N.W.2d 12, 15 (1967).

### DECISION

The trial court did not err in construing the statute or in concluding it does not violate appellant's constitutional rights. Appellant was not entitled to an evidentiary hearing.

Affirmed.