**In re the CIVIL COMMITMENT OF Peter Gerard LONERGAN.**

**No. A10–1269.**

Court of Appeals of Minnesota.

Jan. 4, 2011.

Lori Swanson, Attorney General, St. Paul, MN; and James C. Backstrom, Dakota County Attorney, Pauline M. Halpenny, Assistant County Attorney, Hastings, MN, for respondent State.

Peter Gerard Lonergan, Moose Lake, MN, pro se appellant.

Considered and decided by HUDSON, Presiding Judge; ROSS, Judge; and SCHELLHAS, Judge.

## OPINION

HUDSON, Judge.

Appellant, who is indeterminately committed as a sexually dangerous person (SDP), challenges the district court's order denying his motion to vacate the indeterminate-commitment order under Minn. R. Civ. P. 60.02. Appellant argues that the district court's failure to discharge him, or, in the alternative, to order appropriate treatment in the Minnesota Sex–Offender Treatment Program (MSOP), violated his substantive due-process rights under the United States and Minnesota constitutions. Because the statutory framework governing commitment as an SDP does not authorize a constitutional challenge to a commitment order or a challenge to the adequacy of a patient's conditions of treatment under rule 60.02, and those issues are appropriately addressed to a special review board, the district court properly denied appellant's motion, and we affirm.

## FACTS

In 1984, appellant Peter Gerard Lonergan pleaded guilty to second-degree criminal sexual conduct in connection with an incident involving the eight-year-old daughter of his sister-in-law. In 1992, he was convicted of first-degree criminal sexual conduct involving the eight-year-old son of appellant's cousin; as a result of that conviction, he was sentenced to 268 months in prison. In 2003, appellant filed a petition for postconviction relief. The district court denied relief, and this court affirmed. *Lonergan v. State*, No. A03–453, 2003 WL 22952475, at *1 (Minn.App. Dec. 16, 2003), *review denied* (Minn. Feb. 17, 2004). Appellant subsequently brought a second postconviction motion seeking correction or reduction of his sentence. The district court denied this motion, and this court affirmed the district court's decision on appeal. *State v. Lonergan*, No. A05–

525, 2006 WL 389793, at *1 (Minn.App. Feb. 21, 2006), *review denied* (Minn. May 16, 2006).

In 2006, a petition was filed in Dakota County District Court seeking appellant's commitment as a sexual psychopathic personality (SPP) as defined by Minn.Stat. § 253B.02, subd. 18b (2006), and/or an SDP as defined by Minn.Stat. § 253B.02, subd. 18c (2006). After a five-day hearing, the district court ordered appellant's initial commitment as an SDP to the MSOP at St. Peter and Moose Lake, subject to a final determination following receipt of a 60-day treatment report.

In 2008, appellant appealed his initial commitment order to this court. We affirmed, concluding that (1) the district court did not err in assuming jurisdiction over the petition; (2) appellant did not receive prejudicially ineffective assistance of counsel; (3) the district court did not deny appellant the right to call additional witnesses; and (4) the district court did not abuse its discretion by admitting certain evidence or by denying appellant's motion to dismiss. *In re Commitment of Lonergan*, No. A08–0394, 2008 WL 2967088, at *3–7 (Minn.App. Aug. 5, 2008), *review denied* (Minn. Oct. 21, 2008).

Appellant also filed a petition for writ of habeas corpus, which the district court denied. This court affirmed, concluding that appellant's intensive supervised release (ISR) did not violate the constitutional prohibition against ex post facto laws; that his "good time" earned in prison did not amount to a constitutionally protected liberty interest; and that, in addition to being on ISR, appellant was also committed under the SDP law, a statute which has been held not to violate due process. *Lonergan v. Fabian*, No. A09–1886, 2010 WL 2486050, at *1–3 (Minn.App. June 22, 2010).

In April 2009, the district court held a 60-day review hearing regarding appellant's indeterminate commitment. In the 60-day treatment report, a department of corrections psychologist opined that appellant continued to satisfy the requirements for commitment as an SDP. The psychologist reported that appellant had diagnoses of pedophilia, polysubstance dependence in a controlled environment, and antisocial personality disorder. She stated that, based on the long-term nature of his problems, appellant's prognosis remained poor, and she recommended comprehensive sex-offender treatment in a setting that would allow for intense observation and supervision, such as MSOP.

Appellant's expert psychologist also opined that the facts had not changed since appellant's initial commitment. The psychologist reported that, although appellant appeared free from psychotic mental disorder, he continued to have a diagnosis of pedophilia and antisocial personality disorder and acknowledged that he was in the early stages of sex-offender treatment. The report stated that appellant's continued denial of most facts relating to his conviction would "serve as a significant barrier to successful completion [of treatment] and future release." The psychologist opined that appellant had a poor prognosis and that, although appellant was not dangerous to himself, he remained a risk to children.

In May 2009, the district court issued its findings of fact, conclusions of law, and order indeterminately committing appellant as an SDP to MSOP. The district court concluded that the statutory requirements for appellant's commitment continued to be met and that MSOP was the most appropriate and least restrictive alternative for his treatment, care, and confinement.

Appellant did not directly appeal his indeterminate commitment, but approximately one year later, he moved the district court to vacate the indeterminate-commitment order under Minn. R. Civ. P. 60.02(d)-(f). The district court denied appellant's motion without a hearing. The district court concluded that appellant is not entitled to relief based on rule 60.02 because the commitment is not void; it has not been satisfied, released, or discharged; it is not based on a prior judgment that has been reversed or otherwise vacated; and no equitable basis exists on which to determine that the commitment should not continue. This appeal follows.

## ISSUE

May a person who has been indeterminately committed as a sexually dangerous person seek discharge or make a constitutional challenge to the adequacy of treatment by moving to vacate the commitment order under Minn. R. Civ. P. 60.02?

## ANALYSIS

Appellant argues that the district court abused its discretion by denying his motion to vacate the order for his indeterminate commitment under Minn. R. Civ. P. 60.02. He maintains that he is entitled to relief from the order because MSOP programming violates his constitutional rights and is inappropriate to his needs. He argues that he is entitled either to discharge or to different programming.

Appellant acknowledges that he did not directly appeal his indeterminate commitment within the required statutory time frame. Nonetheless, he argues that a motion to vacate the order provides an alternative means of challenging his commitment. Whether appellant properly challenges his commitment or raises right-to-treatment issues by means of rule 60.02 requires analysis of the relevant commitment statutes. Statutory interpretation presents a legal issue, which this court reviews de novo. *Coker v. Ludeman,* 775 N.W.2d 660, 663 (Minn.App. 2009), *review dismissed* (Minn. Feb. 24, 2010).

"When interpreting a statute, we first look to see whether the statute's language, on its face, is clear or ambiguous." *Id.* (quotation omitted). If statutory language is clear and unambiguous, this court relies on its plain meaning. Minn.Stat. § 645.16 (2010); *Coker,* 775 N.W.2d at 663. The Minnesota legislature has provided that

> [a]ny patient, *except* one committed as a person who is mentally ill and dangerous to the public or as a sexually dangerous person or person with a sexual psychopathic personality ... or any interested person may petition the committing court ... for an order that the patient is not in need of continued care and treatment.

Minn.Stat. § 253B.17, subd. 1 (2010) (emphasis added). Here, the plain statutory language excludes a patient who has been committed as an SDP from the category of persons who may petition the court for an order that he is no longer in need of continued care and treatment. *Id.* Based on this language, appellant, who was committed as an SDP, does not qualify as a person who may seek discharge from the committing court. *See id.*

We conclude that the language in Minn.Stat. § 253B.17, subd. 1, which prohibits appellant from petitioning the committing court for discharge from his indeterminate commitment as an SDP, applies equally to preclude a rule 60.02 motion to vacate the indeterminate-commitment order. Further, certain proceedings and statutes, including chapter 253B, are specifically excepted from the Minnesota Rules of Civil Procedure to the extent that those proceedings "are inconsistent or in

conflict with the procedure and practice provided by these rules." Minn. R. Civ. P.App. A. The proper procedure for appellant to seek a reduction in custody is a petition to a special review board, which is specifically authorized by statute. *See* Minn.Stat. § 253B.18, subd. 5 (2010) (discussing proceedings held before special review board).[1]

Appellant also seeks to use a rule 60.02 motion to raise a claim that he was denied appropriate treatment in MSOP. A person who receives services in connection with civil commitment "has the right to receive proper care and treatment, best adapted, according to contemporary professional standards, to rendering further supervision unnecessary." Minn.Stat. § 253B.03, subd. 7 (2010). But judicial review of the indeterminate-commitment order is not the proper avenue for appellant to assert a right-to-treatment argument. *See In re Wicks,* 364 N.W.2d 844, 847 (Minn.App.1985) (stating that "[g]enerally, the right to treatment issue is not reviewed on appeal from a commitment order"), *review denied* (Minn. May 31, 1985). We have recently indicated that a person committed as an SDP also properly raises a right-to-treatment issue by means of a petition to a treatment-facility special review board. *In re Commitment of Travis,* 767 N.W.2d 52, 58–59 (Minn.App.2009) (citing Minn.Stat. § 253B.22 (2008) (relating to review boards for patients)); *see*

*also In re Pope,* 351 N.W.2d 682, 683 (Minn.App.1984) (stating that "[t]he treatment of [committed] patients is properly raised before a hospital review board and not before the committing court"). We also note that ongoing access to a special review board provides a more appropriate avenue for addressing right-to-treatment claims than the partially time-limited nature of a rule 60.02 motion. Therefore, appellant's district-court challenge to the adequacy of his treatment also fails, and the district court appropriately declined to address appellant's right-to-treatment argument under rule 60.02.[2]

Because we conclude that appellant's motion to vacate his order of indeterminate commitment was not properly before the district court, we need not address his additional arguments relating to the rule 60.02 motion. *See, e.g., In re Travis,* 767 N.W.2d at 66 (declining to consider appellant's additional arguments after dispositive analysis).

■ Appellant has also moved to strike the statement of facts in respondent's brief, alleging that it contains irrelevant and inaccurate material. The record on appeal consists of the papers filed in district court, along with exhibits and transcript of the proceedings. Minn. R. Civ. App. P. 110.01. The statement of facts in respondent's brief contains references

---

1. We note that appellant has advanced no viable argument that the district court lacked subject-matter or personal jurisdiction for the purpose of his commitment proceedings. "As a general rule state courts have subject-matter jurisdiction over civil commitments." *In re Commitment of Beaulieu,* 737 N.W.2d 231, 237 (Minn.App.2007). And a court has personal jurisdiction over a party if an adequate connection exists between that party and the state and if due-process requirements are satisfied, including notice and the opportunity to be heard. *See id.* at 235, 241 (concluding, following tribal member's civil commitment

as SDP, that district court erred by granting rule 60.02 motion to vacate commitment order based on lack of personal and subject-matter jurisdiction, because the district court, in fact, *had* personal and subject-matter jurisdiction).

2. Appellant maintains that he has petitioned the special review board but has not yet received a hearing date. But the initial scheduling of his hearing before the special review board does not lie within the scope of this appeal.

from the district-court record, which includes exhibits presented in support of the petition for appellant's commitment. That information properly forms part of the record before this court, and we deny the motion to strike.

### DECISION

The statutory framework under which a person who is indeterminately committed as an SDP may seek discharge or challenge conditions of treatment precludes a motion to vacate the commitment order under Minn. R. Civ. P. 60.02. Because rule 60.02 relief is not available to appellant, the district court properly denied his motion to vacate the order of indeterminate commitment.

**Affirmed; motion denied.**