*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-1514**

In the Matter of the Civil Commitment of:
Steven Merrill Hogy

**Filed April 11, 2016
Affirmed
Smith, John, Judge***

Goodhue County District Court
File No. 25-PR-07-1705

Steven Merrill Hogy, Moose Lake, Minnesota (pro se appellant)

Lori Swanson, Attorney General, Angela Helseth Kiese, Assistant Attorney General,
St. Paul, Minnesota; and

Stephen N. Betcher, Goodhue County Attorney, Red Wing, Minnesota (for respondent)

Considered and decided by Bjorkman, Presiding Judge; Halbrooks, Judge; and

Smith, John, Judge.

## UNPUBLISHED OPINION

**SMITH,** John, Judge

We affirm the district court's denial of appellant Steven Merrill Hogy's motion for

relief from his initial civil commitment to the Minnesota Sex Offender Program because

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to
Minn. Const. art. VI, § 10.

the motion is barred by the exclusive transfer-or-discharge remedies of the Minnesota Commitment and Treatment Act (MCTA), Minn. Stat. §§ 253D.01-.36 (2014).

## FACTS

Appellant Steven Merrill Hogy was civilly committed to the Minnesota Sex Offender Program (MSOP) based on a determination that he is a sexually dangerous person (SDP) and a sexual psychopathic personality (SPP). Hogy's initial commitment was on December 10, 2007. He was indeterminately committed on July 23, 2008. Hogy did not appeal his commitment.

In June 2010, Hogy moved the district court pursuant to Minn. R. Civ. P. 60.02(f) to vacate his indeterminate-commitment order. The district court denied his motion without an evidentiary hearing. Hogy appealed to this court. In January 2011, this court issued an unpublished opinion affirming the district court's denial. *In re Civil Commitment of Hogy*, No. A10-1615, 2011 WL 206205 (Minn. App. Jan. 25, 2011) (*Hogy I*) *review granted and stayed* (Minn. Apr. 19, 2011), *vacated* (Minn. May 15, 2012). We held that a rule 60.02 motion was an inappropriate vehicle for Hogy's claims, *Id.* at *1, and instead directed that "a patient must bring a petition to a treatment-facility special review board in order to raise issues related to his or her treatment." *Id.* (citing *In re Civil Commitment of Lonergan*, 792 N.W.2d 473 (Minn. App. 2011), *rev'd in part*, 811 N.W.2d 635 (Minn. 2012)).

At a hearing before the MSOP Special Review Board in February 2011, Hogy sought provisional discharge or transfer to Community Preparation Services (CPS). The MSOP Special Review Board denied his petition.

2

In April 2011, Hogy petitioned for review of *Hogy I* to the Minnesota Supreme Court. The supreme court granted and stayed review on *Hogy I* pending its decision in *Lonergan*. The supreme court's opinion in *Lonergan* clarified that the use of a rule 60.02 motion by indeterminately civilly committed patient was not universally prohibited, and that such a motion may be proper for a narrow class of claims "that do not specifically request transfer or discharge." *Lonergan,* 811 N.W.2d at 643. The supreme court affirmed that transfer or discharge can only be sought according to the Minnesota Commitment and Treatment Act (MCTA). *Id.* at 642. In May 2012, the *Hogy* matter was "remanded to the court of appeals for further proceedings consistent with" *Lonergan*.

Following remand from the supreme court, we issued a second unpublished opinion on the *Hogy* matter in October 2012. *In re Civil Commitment of Hogy*, No. A10-1615, 2012 WL 5289686 (Minn. App. Oct. 29, 2012) (*Hogy II*), *review denied* (Minn. Jan. 15, 2013). We reversed in part and remanded to the district court for consideration of any of Hogy's claims under rule 60.02 that resembled denial-of-treatment claims; we affirmed the district court's denial of his other claims. *Id.* at *3.

Meanwhile, at the district court, a Judicial Appeal Panel affirmed the MSOP Special Review Board's denial of Hogy's petition for transfer or discharge.

On remand from our decision in *Hogy II*, the district court dismissed all of Hogy's claims on their merits and with prejudice in June 2013. Hogy again appealed to this court. *In re Civil Commitment of Hogy*, No. A13-1205, 2013 WL 6570583 (Minn. App. Dec. 16, 2013) (*Hogy III*), *review denied* (Minn. Feb. 26, 2014). We affirmed, in a third unpublished opinion in this matter, holding that Hogy had failed to assert a claim fitting "within the

narrow class of claims that the supreme court identified in *Longergan* as permissible under the provisions of rule 60.02." *Id.* at *2. In *Hogy III*, we relied on *In re Civil Commitment of Moen*, a published opinion in which we held that "a person committed as an SDP [who] brings a motion for relief from a commitment order pursuant to rule 60.02(e) . . . based on the alleged inadequacy of treatment in the MSOP. . .does not state a viable claim for relief under the rule." *Id.* at *1 (quoting *In re Civil Commitment of Moen*, 837 N.W.2d 40, 43 (Minn. App. 2013), *review denied* (Minn. Oct. 15, 2013)).

In March 2015, The MSOP Special Review Board held another hearing to review Hogy's petitions for full or provisional discharge or transfer to Community Preparation Services. Hogy's petitions were denied.

In June 2015, the United States District Court for the District of Minnesota ruled that "Minnesota's civil commitment statutory scheme is unconstitutional both on its face and as applied." *Karsjens v. Jesson*, 109 F. Supp. 3d 1139, 1173 (D. Minn. 2015) (*Karsjens I*).

Following *Karsjens I*, Hogy filed motions in state district court in Goodhue County for relief from final judgment pursuant to Minn. R. Civ. P. 60.02 and a temporary restraining order (TRO) or temporary injunction pursuant to Minn. R. Civ. P. 65. Hogy argued that because the MCTA is unconstitutional according to *Karsjens I*, his commitment was unlawful ab initio. Therefore, Hogy requested relief from the judgment of commitment, or a TRO or temporary injunction causing his conditional release. The district court denied his motions on July 27, 2015 without an evidentiary hearing. The district court denied Hogy's motion pursuant to Minn. R. Civ. P. 60.02 because, it

4

determined, (1) rule 60.02 does not apply to requests for discharge from civil commitment; (2) his motion was not based on a change in operative facts supporting his commitment; and (3) "the federal district court order does not alter the applicable binding legal precedent, apply to his commitment proceeding, or even constitute a final decision." The district court also denied his motion for a TRO or temporary injunction, concluding that Hogy would not prevail on the merits of his motion to vacate his commitment. Hogy now appeals the July 2015 denial of his motions.

In the federal action, the district court moved on to a "post-trial Remedies Phase" in which various state officials were invited to formulate solutions to the MCTA's problems. *Karsjens v. Jesson*, No. 11-3659, 2015 WL 6561712, at *4-5 (D. Minn. Oct. 29, 2015) (first interim relief order) (*Karsjens II*). The defendants did not offer proposals but instead responded to remedies proposed by amici curiae, arguing that the proposals were unworkable and improper. *Id.* at *5. The federal district court issued a "First Interim Relief Order," *Id.* at *15–17, and subsequently denied defendants' motion for a stay of the order. *Karsjens v. Jesson*, No. 11-3659, 2015 WL 7432333, at *7 (D. Minn. Nov. 23, 2015) (*Karsjens III*). The Eighth Circuit Court of Appeals has stayed the interim-relief order pending the federal appeal. *Karsjens v. Piper*, No. 15-3485 (8th Cir. Dec. 15, 2015).

## D E C I S I O N

Hogy asks this court to vacate the district court's order and remand for an evidentiary hearing on the merits of his rule 60.02 motion. He specifically contends that the district erred by ruling without an evidentiary hearing, by adopting language from the state's pleadings, and by ruling before Hogy had filed a reply to the state's pleadings.

5

**I.**

Hogy moved the district court for relief from judgment or order pursuant to Minn. R. Civ. P. 60.02(d), (e) and (f). He now argues that the district court erred by ruling on his motion without an evidentiary hearing.

"Questions of civil procedure present issues of law, which we review de novo." *City of Barnum v. Sabri*, 657 N.W.2d 201, 204 (Minn. App. 2003). We review the district court's denial of a rule 60.02 motion for an abuse of discretion. *Moen*, 837 N.W.2d at 44–45. A court abuses its discretion when its decision is "based on an erroneous view of the law" or is "against the facts in the record." *City of North Oaks v. Sarpal*, 797 N.W.2d 18, 24 (Minn. 2011).

In his brief on appeal, Hogy argues that he "never sought discharge" but rather sought to have the commitment found "void for lack of jurisdiction." The district court held as a matter of law that Hogy could not use rule 60.02 to seek discharge from commitment.

"[A] petitioner is entitled to an evidentiary hearing only if a factual dispute is shown by the petition." *Seifert v. Erickson*, 420 N.W.2d 917, 920 (Minn. App. 1988), *review denied* (Minn. May 18, 1988). A "purely legal question involving construction of [a] statute and application of constitutional law" does not merit an evidentiary hearing. *Id.*

Rule 60.02 states, in relevant part,

> On motion and upon such terms as are just, the court may relieve a party or the party's legal representatives from a final judgment (other than a marriage dissolution decree), order, or proceeding and may order a new trial or grant such other relief as may be just for the following reasons:

6

. . .

     (d)  The judgment is void;

     (e)  The judgment has been satisfied, released, or discharged or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or

     (f)  Any other reason justifying relief from the operation of the judgment.

Minn. R. Civ. P. 60.02.

It is unclear which facts relevant to rule 60.02, if any, Hogy would seek to dispute at a hearing. Hogy argues that "this case turns on whether the state has demonstrated that the [MCTA] is narrowly tailored" to meet the interests of "protecting the public from sexual violence and rehabilitating the mentally ill," citing *In re Linehan*, 594 N.W.2d 867, 872 (Minn. 1999). To the extent that Hogy's complaint addresses the constitutionality of the MCTA, it is a purely legal issue already being addressed by the federal courts and not dependent on any particular factual dispute raised by Hogy. However, to the extent that Hogy raises a claim particular to himself, there is no interpretation of his claim except that he seeks transfer or discharge, or that he seeks a modification of his treatment program.

Claims for transfer, discharge, or modification of an MSOP treatment program are not allowed under rule 60.02. *Lonergan,* 811 N.W.2d at 643 (explaining that only a narrow class of claims "that do not specifically request transfer or discharge" may be raised by a patient of MSOP under rule 60.02); *see also Moen,* 837 N.W.2d at 43 ("[A] person committed as an SDP [who] brings a motion for relief from a commitment order pursuant to rule 60.02(e) . . . based on the alleged inadequacy of treatment in the MSOP. . . does not state a viable claim for relief under the rule."). The MCTA provides the "exclusive

7

remedy" for a patient committed as an SDP pursuing transfer or discharge, and a rule 60.02 motion may not seek those ends. *Lonergan*, 811 N.W.2d at 642. Hogy has not demonstrated a factual dispute that entitles him to an evidentiary hearing.

## II.

Hogy argues that the district court erred by adopting the language of the state's pleadings without making independent determinations. Hogy cites no authority that states it is inappropriate for a district court to adopt language from pleadings. This argument is without merit.

## III.

Hogy contends that the district court erred by ruling before he filed a reply to the state's pleadings. Hogy relies on Minn. R. Gen. Pract. 115.03(c), which states, "The moving party may submit a reply memorandum, limited to *new* legal or factual matters raised by an opposing party's response to a motion . . . ." Minn. R. Gen. Pract. 115.03(c) (emphasis added). Hogy does not articulate any "*new* legal or factual matters" raised by the state to which he was deprived an opportunity to respond. This argument is also meritless.

**Affirmed.**

8