*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-1866**

In the Matter of the Civil Commitment of: Peter Gerard Lonergan

**Filed May 16, 2016
Affirmed
Connolly, Judge**

Dakota County District Court
File No. 19-P1-06-008179

Peter G. Lonergan, Moose Lake, Minnesota (pro se appellant)

Lori Swanson, Attorney General, St. Paul, Minnesota; and

James C. Backstrom, Dakota County Attorney, Donald E. Bruce, Assistant County Attorney, Hastings, Minnesota (for respondent)

Considered and decided by Reilly, Presiding Judge; Connolly, Judge; and Stauber, Judge.

## UNPUBLISHED OPINION

**CONNOLLY**, Judge

Appellant challenges the district court's denial of his motions under rule 60.02 and rule 65.01 of the Minnesota Rules of Civil Procedure, arguing the district court abused its discretion in (1) denying the motions without an evidentiary hearing, and (2) not properly analyzing the legal issues underlying his motions. Because the motions are barred by the

exclusive transfer-or-discharge remedies of the Minnesota Commitment and Treatment Act, we affirm.

## FACTS

Appellant, Peter Gerard Lonergan, was indeterminately committed as a sexually dangerous person (SDP) to the Minnesota Sex Offender Program (MSOP) by a judgment entered on May 13, 2009.

On June 17, 2015, the U.S. District Court for the District of Minnesota issued an order declaring portions of the Minnesota Commitment and Treatment Act (MCTA), which includes the MSOP, unconstitutional, both facially and as applied. *Karsjens v. Jesson*, 109 F. Supp. 3d 1139, 1173 (D. Minn. June 17, 2015). The Eighth Circuit Court of Appeals subsequently stayed the district court's decision pending appeal. *Karsjens v. Jesson*, No. 15-3485 (8th Cir. Dec. 15, 2015).

On June 23, 2015, Lonergan filed a motion for relief from judgment pursuant to Minn. R. Civ. P. 60.02 (2014) and a motion for temporary relief under Minn. R. Civ. P. 65.01-.02. Lonergan argued that his commitment is unconstitutional in light of *Karsjens* and asked the district court to void his commitment. On October 6, 2015, the district court denied Lonergan's motions without an evidentiary hearing. Lonergan appeals.

## D E C I S I O N

### I.

Lonergan moved for relief under Minn. R. Civ. P. 60.02. In denying Lonergan's motion under Minn. R. Civ. P. 60.02, the district court held that Lonergan could not use rule 60.02 to seek discharge from commitment. This court reviews the district court's

2

denial of a rule 60.02 motion for an abuse of discretion. *In re Civil Commitment of Moen*, 837 N.W.2d 40, 44-45 (Minn. App. 2013), *review denied* (Minn. Oct. 15, 2013).

The supreme court held in *In re Civil Commitment of Lonergan* that a rule 60.02 motion could not be used to seek transfer or discharge from a civil commitment. 811 N.W.2d 635, 642 (Minn. 2012). The supreme court reasoned that the MCTA "provides relief to a patient indeterminately committed as an SDP or [sexual psychopathic personality] through a transfer or a discharge" and that it was the "exclusive remedy" for this purpose. *Id.* at 641-42. In *In re Civil Commitment of Moen*, this court concluded that even if a claim is described as a nontransfer, nondischarge claim, if the ultimate purpose is a resolution that would result in discharge, the claim is one for transfer or discharge, which must be made through the procedures set forth in the MCTA. 837 N.W.2d at 46-47.

Although Lonergan argues that he merely seeks to void a commitment that he asserts was impermissible ab initio, the ultimate result would be discharge from MSOP. Under the reasoning of *Lonergan* and *Moen*, this is not a permissible use of a rule 60.02 motion. Therefore, the district court did not abuse its discretion by denying Lonergan's rule 60.02 motion.

Lonergan also argues that the district court abused its discretion because it did not hold an evidentiary hearing on his motions. "A petitioner is entitled to an evidentiary hearing only if a factual dispute is shown by the petition." *Seifert v. Erickson*, 420 N.W.2d 917, 920 (Minn. App. 1988), *review denied* (Minn. May 18, 1988). A "purely legal question involving construction of [a] statute and application of constitutional law" does not merit an evidentiary hearing. *Id.* Lonergan asserts in his brief that the district court

3

failed to review the exhibits, specifically the adjudicated findings of fact from the *Karsjens* case, under the standard of strict scrutiny. He appears to argue that he should have been allowed to litigate the constitutionality of the MCTA at the district court level. However, to date the Minnesota Supreme Court has repeatedly upheld the provisions of the MCTA. *See generally Lonergan*, 811 N.W.2d at 641-42; *In re Linehan*, 594 N.W.2d 867, 875-76 (Minn. 1999); *In re Civil Commitment of Ramey*, 648 N.W.2d 260, 270-71 (Minn. App. 2002), *review denied* (Minn. Sept. 17, 2002). To the extent that Lonergan's argument addresses the constitutionality of the MCTA, it is a purely legal issue that has been repeatedly addressed by the supreme court and is not dependent on any particular factual dispute raised by Lonergan. Thus, the district court did not err by denying Lonergan's request for an evidentiary hearing.

## II.

Lonergan contends the district court abused its discretion by denying him injunctive relief under Minn. R. Civ. P. 65.01 and 65.02. The district court concluded that Lonergan was not entitled to a TRO because he was unlikely to succeed on the merits of his claim for relief from judgment under rule 60.02 and that he was a threat to public safety. Lonergan argues that the district court erred in considering that he is a threat to public safety, a claim that he asserts was unsupported by any evidence before the district court.

A court considers several factors when determining whether injunctive relief is appropriate. *Metro. Sports Facilities Comm'n v. Minn. Twins P'ship*, 638 N.W.2d 214, 220-21 (Minn. App. 2002) (citing *Dahlberg Bros. v. Ford Motor Co.*, 272 Minn. 264, 274-75, 137 N.W.2d 314, 321-22 (1965)), *review denied* (Minn. Feb. 4, 2002). These factors

4

include: (1) the nature and background of the parties' relationship; (2) the potential harm to the parties; (3) the likelihood that either party will prevail on the merits; (4) the factual aspects of the case and their impact on public policy considerations; and (5) the administrative burdens involved in judicial supervision. *Id.* The purpose of injunctive relief is "to maintain the status quo pending a decision on the merits." *Id.* at 221 (citation omitted). This court applies an abuse-of-discretion standard of review to a district court's decision to deny injunctive relief. *Id.* at 220.

Consideration of these factors is not necessary. As Lonergan is currently committed to MSOP, his continued commitment to MSOP preserves the status quo. For this reason, the district court correctly denied injunctive relief because that preserves the status quo in this case. *See id.* Even considering the factors, the district court correctly denied relief. The likelihood that either party will prevail on the merits is "[a] primary factor in determining whether to issue a temporary injunction." *Minneapolis Fed'n of Teachers, AFL-CIO, Local 59 v. Minneapolis Pub. Schs., Special Sch. Dist. No. 1*, 512 N.W.2d 107, 110 (Minn. App. 1994), *review denied* (Minn. Mar. 31, 1994). Even if Lonergan's objection to the district court's consideration of his continued danger to the public was valid, the district court denied Lonergan's motion for injunctive relief because he cannot succeed on the merits of his rule 60.02 claim. Because the analysis above confirms that Lonergan cannot succeed on his rule 60.02 claim, the district court did not abuse its discretion by denying Lonergan injunctive relief.

**Affirmed.**